UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DUSTIN C. BRINK,

    Plaintiff,                                CASE NO.: 8:19-cv-2844-JSM-AEP

vs.

DIRECT GENERAL INSURANCE
COMPANY,

    Defendant.
_____/

## COURT'S INSTRUCTION TO THE JURY

<u>Members of the jury:</u>

It's my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished, you will go to the jury room and begin your discussions, sometimes called deliberations.

## **THE DUTY TO FOLLOW INSTRUCTIONS**

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it - even if you do not agree with the law - and you must follow all of my instructions as a whole.  You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice.  When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

## **CONSIDERATION OF DIRECT AND CIRCUMSTANTIAL EVIDENCE; ARGUMENT BY COUNSEL; COMMENTS BY THE COURT**

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters. In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

## **CREDIBILITY OF WITNESSES**

When I say you must consider all the evidence, I do not mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision, you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point does not necessarily matter.

To decide whether you believe any witness, I suggest you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?
- Did the witness have any particular reason not to tell the truth?
- Did the witness have a personal interest in the outcome of the case?
- Did the witness seem to have a good memory?
- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?
- Did the witness appear to understand the questions clearly and answer them directly?
- Did the witness's testimony differ from other testimony or other evidence?

## **NOTE-TAKING**

You've been permitted to take notes during the trial. Most of you – perhaps all of you – have taken advantage of that opportunity.

You must use your notes only as a memory aid during deliberations. You must not give your notes priority over your independent recollection of the evidence. And you must not allow yourself to be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than your memories or impressions about the testimony.

## **IMPEACHMENT OF WITNESSES BECAUSE OF INCONSISTENT STATEMENTS**

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

## **EXPERT WITNESS**

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that does not mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

When a witness is being paid for reviewing and testifying concerning the evidence, you may consider the possibility of bias and should view with caution the testimony of such witness where court testimony is given with regularity and represents a significant portion of the witness's income.

## **PLAINTIFF STANDS IN THE SHOES OF DEFENDANT'S INSUREDS**

When handling Mr. Brink's claims against its insureds, Direct General owed its good faith duties to its insureds, not Mr. Brink. However, in bringing this case against Direct General, Plaintiff stands in the shoes of Direct General's insureds, Mr. Pereles and Mr. De Los Santos. Thus, Plaintiff is entitled to any relief Mr. Pereles and Mr. De Los Santos would have been entitled to had they brought the case against Direct General themselves.

## RESPONSIBILITY FOR PROOF PLAINTIFF'S CLAIM-PREPONDERANCE OF THE EVIDENCE

In this case it is the responsibility of the Plaintiff to prove every essential part of his claim by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiff's claim is more likely true than not true. If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the Plaintiff.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the Plaintiff's claim by a preponderance of the evidence, you should find for Direct General as to that claim.

## **404.7 ISSUE ON CLAIM**

The issue you must decide is whether Direct General acted in bad faith in failing to settle Mr. Brink's claims against Mr. De Los Santos and Mr. Pereles.

## **INSURER'S BAD FAITH**

Mr. De Los Santos and Mr. Pereles were insured against the claim made by Mr. Brink arising from the April 5, 2008, accident under a policy of insurance issued by Direct General.

Direct General's insureds surrendered to Direct General control over the handling of the claim and settlement decisions. Direct General owed a fiduciary duty of good faith to act in its insureds' best interests and protect its insureds from judgments in excess of their policy limits. In handling the claim against its insureds, Direct General had a duty to use the same degree of care and diligence as a person of ordinary care and prudence should exercise in the management of his own business.

The duty of good faith required Direct General to advise its insureds of settlement opportunities, to advise as to the probable outcome of the litigation, to warn of the possibility of an excess judgment, and to advise the insureds of any steps they might take to avoid an excess judgment. Direct General was further required to investigate the facts, give fair consideration to a settlement offer that was not unreasonable under the facts, and settle, if possible, where a reasonably prudent person, faced with the prospect of paying the total recovery, would do so. These duties are not a mere checklist. They are factors, among others, for you to consider in determining whether Direct General acted in bad faith in the totality of the

circumstances.

The focus in this bad faith case is not on the actions of Dustin Brink or his attorneys, but rather on the actions of Direct General and its obligation to act in good faith toward its insureds. But the actions of the claimant and his attorneys are relevant in assessing bad faith. You may consider the conduct of Plaintiff, Mr. Brink, and his attorneys, and factor their actions into the totality of the circumstances. And, in evaluating the totality of the circumstances, you may consider whether Direct General was presented with a reasonable or realistic opportunity to settle Plaintiff's insurance claims within the available policy limits.

The critical inquiry is whether Direct General diligently, and with the same haste and precision as if it were in its insureds' shoes, worked on the insureds' behalf to avoid an excess judgment. The absence of good faith constitutes bad faith. Bad faith on the part of an insurance company is failing to settle a claim when, under all the circumstances, it could and should have done so, had it acted fairly and honestly toward its insureds and with due regard for their interests.

13

## **CONCLUDING INSTRUCTION WHEN COURT TO AWARD DAMAGES**

If your verdict is for the Plaintiff, you do not need to consider the issue of damages, the Court will award damages in an amount allowable under Florida law.

## **DUTY TO DELIBERATE**

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So, you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

## **<u>ELECTION OF A FOREPERSON EXPLANATION OF VERDICT FORM[S]</u>**

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court. A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.